IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | MDL Docket No 04-1606 VRW |
| DEEP VEIN THROMBOSIS | ORDER |
| This Document Relates To: | |
| 05-1896 VRW | |
| _____/ | |

On June 24, 2008, the court granted defendant Delta Airlines's ("Delta") motion pursuant to 28 USC § 1927 for excess costs, expenses and attorney fees against the O'Reilly & Danko law firm. Doc #47 at 13. The court directed Delta to submit substantiation of the fees and costs it incurred as a result of O'Reilly & Danko's reckless post-filing prosecution of a lawsuit on behalf of Stephen and Valerie Marsh, individuals who were never informed that a lawsuit had been filed on their behalf. Doc #47 at 12-13. The court considered, but did not grant, sanctions against the O'Reilly & Danko law firm and its attorneys under FRCP 11 for

the improper filing of a complaint against Delta on behalf of the Marshes. Doc #47 at 9-10. Instead, the court focused on the multiplication of these proceedings by the unreasonable failure of the O'Reilly & Danko lawyers to communicate with, and obtain information from, their clients. Had the lawyers communicated with the Marshes, Delta would have avoided expending unnecessary attorney time and effort and expenses. Hence, the court directed Delta to request reimbursement only for fees and costs it would not have incurred but for the continued prosecution of this lawsuit after its initial filing and not for pro-rated portions of fees for work product that was used on other deep vein thrombosis ("DVT") cases. Doc #47 at 12-13. Delta submitted a request for $15,388.10 in fees and costs on July 8, 2008. Doc #49 at 2. The O'Reilly & Danko law firm submitted objections to Delta's request on July 15, 2008. Doc #52.

Delta's request includes $13,967.00 in attorney fees. Doc #49 at 2. This amount comprises fees for 65.2 hours of work. Doc #50 at 3 ¶12. Delta submitted client invoices indicating that the 65.2 hours was spent on tasks specific to this case, including litigation of Delta's motion for sanctions. Doc #50 at 23-49. The court concludes 65.2 hours is a reasonable amount of time for Delta to have spent on the Marsh case as a direct result of O'Reilly & Danko's unreasonable multiplication of the proceedings therein.

The court also determines that the hourly rates requested by Delta are reasonable. The attorney hours for which Delta seeks reimbursement were incurred by Richard Grotch and Rachel E Carr. Doc #50 at 2 ¶5. Grotch, an attorney with over 21 years of experience, billed his time at $195 per hour before July 12, 2005

and $225 per hour thereafter.  Applying the principles set forth in In re HPL Technologies, Inc, Securities Litigation, 366 F Supp 2d 912, 921-922 (ND Cal 2005) (Walker, J), the court determines that this hourly rate is reasonable.  Under the 2008 Laffey matrix (adjusted upward for the cost of living in the San Francisco Bay area), an attorney with 21 years of experience would bill approximately $482.24 per hour.  See United States Attorney's Office for the District of Columbia Laffey Matrix 2003-2008, http://www.usdoj. gov/usao/dc/Divisions/Civil_ Division/Laffey_Matrix_7.html, last visited August 9, 2008; U S Office of Personnel Management 2008 Salary Tables, http://opm.gov/oca/08tables/, last visited August 9, 2008.  Grotch's requested hourly rate is far below what the court would consider reasonable.  Carr has over two years of experience as an attorney.  See State Bar of California Attorney Search, http://members.calbar.ca.gov/search/member.aspx, last visited August 9, 2008 (Carr did not submit information on how many years she has practiced, so her bar admission date of January 9, 2006 was used as a proxy).  Carr billed time spent on this case at a rate of $185 per hour.  A similarly experienced lawyer in the San Francisco Bay area bills $235.64 per hour under the Laffey matrix; Carr's requested rate is reasonable.  Having found the time spent on this case and the hourly rate requested to be reasonable, the court determines that Delta's fee request of $13,967.00 is reasonable.

Delta also requests costs of $1,421.10, incurred for computerized legal research, PACER charges and express delivery charges.  Doc #50 at 4 ¶13.  These charges are substantiated by the client invoices submitted by Delta, see Doc #50 at 42, 48, and the

3

court finds them to be reasonable.

O'Reilly & Danko objects to Delta's request for fees and costs on several grounds, none of which the court finds meritorious. First, O'Reilly & Danko notes that in its March 5, 2008 motion for sanctions, Delta estimated that it was entitled to $12,307.16 in fees and costs. Doc #52 at 2. O'Reilly & Danko argues that because that amount included prorated fees for work used on other DVT cases (fees the court has determined are not reimbursable), the amount requested today should be less than the amount requested in March. Doc #52 at 2; see also Doc #33 at 4. O'Reilly & Danko overlooks the fact that much of the work for which Delta seeks reimbursement occurred after March 5, 2008 due to O'Reilly & Danko's opposition to sanctions, a circumstance Delta foresaw even in its March 5, 2008 estimation of fees. See Doc #33 at 4 ¶15 ("This amount does not include the finalizing of the motion and supporting papers; nor does it include time expended to review any opposition to this motion, to draft a reply, and to attend a hearing on the motion. Therefore, the actual fee and cost figures can be expected to increase.)

O'Reilly & Danko also challenges Delta's documentation of its fees and costs, arguing that the amounts shown on the invoice do not add up to the amounts requested. Doc #52 at 2. O'Reilly & Danko apparently did not spend sufficient time or effort examining the invoices, because the line items on the invoice that have not been redacted do sum to Delta's requested fee. See Doc #50 at 23-49. The cost request is largely for electronic research expenses. These costs are substantiated by line item charges summing to $2,139.12, see Doc #50 at 42, 48, which is _more_ than the $1,421.10

4

requested by Delta. Grotch has attested that he only seeks reimbursement for costs Delta would not have incurred but for the continued prosecution of the Marsh matter, Doc #50 at 4 ¶4, and apparently he reduced the cost request to account for electronic research that may not be reimbursable. It was appropriate and reasonable for Grotch to do so.

O'Reilly & Danko also argues that it is unreasonable for Delta to request fees when a large portion of the request is for fees on fees. Doc #52 at 2-3. To support this argument, O'Reilly & Danko cite <u>Cancio v Financial Credit Network, Inc</u>, 2005 US DIST LEXIS 13626 at 16 (N D Cal 2005)(Henderson, J), a case in which a judge in this district determined that the hours spent on a party's motion for attorney fees were not reasonably expended and thus were not compensable. But in that case, the court found that the "issues raised by [the] fee application are neither novel nor complex. * * * the structure of the Motion for attorney's fees was largely boilerplate." <u>Cancio</u>, 2005 US DIST LEXIS at *16-17. This case, by contrast, raised the novel question whether and on what grounds the unauthorized filing of a lawsuit and its continued prosecution by a plaintiff's attorney is sanctionable. O'Reilly & Danko's vigorous opposition to sanctions necessitated a non-boilerplate response by Delta. It was not unreasonable for Delta to spend a substantial amount of attorney time to establish that O'Reilly & Danko's conduct was sanctionable and that Delta was entitled to fees and costs.

Finally, O'Reilly & Danko argues that legal research costs are not recoverable. Doc #52 at 3. O'Reilly & Danko cites <u>Ladas v California Auto Assn</u>, 19 Cal App 4th 761, 767 (1993), to

5

support this argument, but that case deals with taxable costs awarded to a prevailing party under Cal Code Civ Proc § 1033.5 and is inapplicable to this situation. See <u>Ladas</u>, 19 Cal App 4th at 776. Computerized legal research costs are compensable when reasonably incurred. See <u>Trustees of Const Indus and Laborers Health and Welfare Trust v Redland Ins Co</u>, 460 F 3d 1253, 1259 (9th Cir 2006)(holding that electronic legal research costs are compensable under reasonable attorney fees and cost provision of 29 USC § 1132(g)(2)(D)).

Accordingly, the court awards Delta $15,388.10 for reasonably incurred attorney fees and costs under 28 USC § 1927. O'Reilly & Danko is ORDERED to pay Delta $15,388.10 no later than September 10, 2008.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge